**Electronically Filed
Intermediate Court of Appeals
30433
19-JUN-2013
10:56 AM**

NO. 30433

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEILA HAYASHIDA HENNA, as Personal Representative
of the Estate of Harold Hifuo Hayashida, and as
Successor Trustee of the Harold H. Hayashida
Revocable Trust, Plaintiff-Appellee, v.
NAOMI IWASAKI HAYASHIDA, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 08-1-0657)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

This appeal concerns the division of property in a divorce case, where the property-division order was issued by the Family Court of the Second Circuit ("Family Court")[1] after one of the parties had died. Defendant-Appellant Naomi Iwasaki Hayashida ("Naomi") appeals from the November 18, 2009 Order Granting Harold Hayashida's Motion for Summary Judgment Re: Transfer of His Inheritance to the Parties' Daughter Was a Valid Conveyance; the January 6, 2010 Findings of Fact, Conclusions of Law, and Order; and the April 1, 2010 Supplemental Findings of Fact, Conclusions of Law and Order.

On appeal,[2] Naomi contends that (1) the Family Court should have concluded that she and Plaintiff Harold Hifuo Hayashida ("Harold"), her ex-husband, "made an oral postnuptial

---

[1]     The Honorable Geronimo Valdriz, Jr. presided.

[2]     An appellant's opening brief must contain points of error that state, among other things, "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Haw. R. App. P. 28(b)(4)(iii). Several of Naomi's points of error do not state where she raised her arguments or objections below. Counsel is warned that future non-compliance with Hawai'i Rules of Appellate Procedure 28(b) may result in sanctions.

agreement following their separation in 1989"; (2) the Family Court should have ordered a new trial where Harold died after their divorce but before the date of the order dividing the marital estate;[3/] (3) the Family Court erred in utilizing non-permitted presumptive guidelines when dividing the parties' assets and debts; (4) valid and relevant considerations ("VARCs") potentially justified deviation from marital partnership principles; and (5) the Family Court erred in granting Harold summary judgment, approving the transfer of his interest in real property located at 66 Ala Moana Street, Lahaina, Maui ("Ala Moana St. Property") to Naomi and Harold's daughter, Plaintiff-Appellee Leila Hayashida Henna ("Leila").

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Naomi's points of error as follows:

(1) Naomi argues that the Family Court "should have concluded that Naomi and Harold made an enforceable postnuptial agreement." Naomi contends that the parties made an "oral postnuptial agreement" pursuant to which "Harold received the property at 65 West Kauai Street, his interest in the [Ala Moana St. Property], his retirement, his savings, and all the property his [sic] name alone, and Naomi received the property at 538 Waikala Street, her retirement, her savings, and all of the property in her name alone."

"All contracts made between spouses, whenever made . . . and not otherwise invalid because of any other law, shall be valid." HAW. REV. STAT. § 572-22 (2006); *Chen v. Hoeflinger*, 127 Hawai'i 346, 356, 279 P.3d 11, 21 (App. 2012) (Hawaii Revised Statutes ("HRS") § 572-22 covers post-nuptial agreements). "[I]n order for an oral contract to be enforceable, there must be an offer, an acceptance, and consideration." *Douglass v. Pflueger Haw., Inc.*, 110 Hawai'i 520, 525, 135 P.3d 129, 134 (2006).

---

[3/] The parties' divorce was finalized on September 10, 2009, pursuant to proceedings bifurcated after Harold learned that his cancer had recurred. The property-division trial occurred on September 25 and October 16, 2009. Harold passed away on November 28, 2009. The Family Court issued its Findings of Fact, Conclusions of Law, and Order on January 6, 2010, and its Supplemental Findings of Fact, Conclusions of Law and Order on April 1, 2010.

Ultimately, "[w]hether or not the parties entered into an agreement is essentially a question of fact." *Island Directory Co. v. Iva's Kinimaka Enters.*, 10 Haw. App. 15, 23, 859 P.2d 935, 940 (1993). A trial court's finding that a contract does not exist "will not be disturbed unless it is clearly erroneous." *See id.*

"The burden of proving the existence and terms of a valid contract is on the party asserting it[.]" 17B C.J.S. *Contracts* § 926 (2011). "In the case of an oral contract, the party relying on its existence must prove that the contract was clear and precise, and has a particularly heavy burden to establish objective signs of the parties' intent to be bound." *Id.* (footnote omitted).

At the heart of the alleged agreement is a purported contract under which Harold would transfer title to real property on Waikala St. in Kahului ("Waikala St. Property") and Alahele St. in Kīhei ("Alahele St. Property") to Naomi and Naomi would transfer title to real property on W. Kauai St. in Kahului ("W. Kauai St. Property") to Harold. There was a significant amount of testimony from Harold which, on balance, was unsupportive of there being any "agreement."

Although Harold "believed" that "what was hers was hers" and "what was his was his," and that, at some time before filing for divorce, he also believed that the Waikala St. Property and the Alahele St. Property should go to Naomi and the W. Kauai St. Property should go to him, he admitted to no such agreement, even as to the alleged components:

> Q. [By Ms. Melehan] Mr. Hayashida, there was an agreement, right, that Naomi didn't have to pay the mortgage at 65 West Kauai, right?
>
> A. Wait, wait, wait, wait. Wait, wait, wait, wait.
>
> MS. YANAGIDA: Objection.
>
> . . . .
>
> MS. MELEHAN: I'm sorry, I'll rephrase.
>
> Q. (By Ms. Melehan) You and Naomi had an agreement that she wouldn't have to pay anything at 65 West Kauai?
>
> A. Not me.
>
> Q. Who?

3

> A. That's my daughter Leila. Because Leila went to see her for a loan, yeah. And Leila told her no worry, you no need pay. But knowing what I know today, she got to pay because she wouldn't take her name off [title to the property].

Naomi's record citations establish only that Harold held certain beliefs about who was entitled to various assets, not that there was any agreement that formed the basis for those beliefs, or, further, that there was any meeting of the minds between Harold and Naomi.

The weight of the evidence is a determination to be made by the trier of fact. *Fisher v. Fisher*, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006). Personalized expectations or beliefs notwithstanding, there was no clear testimony that the parties had come to any sort of agreement, whether explicit or implicit. Given Harold's testimony, including his statement that he gave the Waikala St. Property to Naomi "no questions asked," Naomi fails to show that the Family Court's finding that no post-nuptial agreement as to property division existed is clearly erroneous.

(2) Naomi argues that the Family Court should have conducted a new trial following Harold's death because his death necessarily altered his asset, debt, and income profile. She reasons that such information could not have been discovered prior to trial, thus warranting a new trial, pursuant to Hawaiʻi Family Court Rules Rule 59(a), in order to hear "evidence of the nature and extent of the assets in Harold's estate, and the circumstances of Harold's heirs."

Pursuant to HRS § 580-47(a), upon granting a divorce, or thereafter if the family court reserves jurisdiction over the issue, the family court "may make any further orders as shall appear just and equitable" finally dividing and distributing the estate of the parties and allocating responsibility for the payment of the parties' debts. HAW. REV. STAT. § 580-47(a) (2006 & Supp. 2012). "In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon

4

either party for the benefit of the children of the parties, and all other circumstances of the case." *Id.*

The Hawaiʻi Supreme Court "has adopted the rules pertaining to the dissolution of business partnership to apply to the division and distribution of property in divorce cases." *Cox v. Cox*, 125 Hawaiʻi 19, 26, 250 P.3d 775, 782 (2011). "Under the Partnership Model, absent valid and relevant considerations (VARCs), each partner is generally awarded his or her capital contribution, while the appreciation is split fifty-fifty." *Kakinami v. Kakinami*, 127 Hawaiʻi 126, 130 n.4, 276 P.3d 695, 699 n.4 (2012).

Naomi does not provide any sound basis for concluding that events occurring after dissolution of marriage should affect a court's pending determination of property division. She invokes *Magoon v. Magoon*, 70 Haw. 605, 780 P.2d 80 (1989), for the proposition that the intervening death of a spouse requires a revisitation of what constitutes a just and equitable division of property. *Magoon*, however, is inapposite. In requiring the lower court to readdress the division of property, the *Magoon* court merely corrected the lower court's misapprehension that, despite new evidence of fraud, it had been time-barred to do so. *Id.* at 614-16, 780 P.2d at 85-87. Rather, the valuation of a marital estate and the equities of its division should be determined as of the date of the dissolution, *cf.* HAW. REV. STAT. § 580-56 (2006) (providing that, where proceedings are bifurcated and a spouse remarries, property division occurs "as of the effective date of the entry of the decree of divorce"); neither a party's windfall, downfall, remarriage, nor death should necessarily, post-divorce, cause a court to reconsider its property division. *Cf. Beard v. Beard*, 758 N.E.2d 1019, 1024 (Ind. Ct. App. 2001) (affirming trial court's denial of wife's motion to dismiss dissolution proceedings after husband passed away prior to final property division).[4/] In sum, Naomi fails to

---

[4/] Even if the death of an ex-spouse after divorce but prior to an order dividing the parties' property and debts could be determined to be a VARC, a surviving ex-spouse is not necessarily entitled to deviation from the partnership model. Clearly, the family court has discretion to decide whether a deviation is proper given all the circumstances of the case, including whether the surviving spouse is sufficiently supported by the partnership-

show that the Family Court abused its discretion in denying her motion for a new trial.

(3) Naomi argues that the Family Court improperly applied marital partnership principles because, in her view, they are "non-permitted" presumptive guidelines. Even if the argument was not waived by Naomi's failure to raise it below, the Hawaiʻi Supreme Court has explicitly adopted the marital partnership model for the division and distribution of property in divorce cases. *See Cox*, 125 Hawaiʻi at 26, 250 P.3d at 782. Thus, the argument is without merit.

(4) In her opening brief, Naomi summarily contends that the Family Court erred when it concluded that the age and life expectancy of the parties, the parties' contributions to the marital assets following separation, the parties' separate economic lives, and the parties' medical conditions were not VARCs.

VARCs can be found where they relate to the respective merits of the parties, the relevant abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other relevant circumstances of the case. HAW. REV. STAT. § 580-47(a). Whether the facts presented at trial constitute VARCs is a matter of law. *See Schiller v. Schiller*, 120 Hawaiʻi 283, 287, 205 P.3d 548, 552 (App. 2009).

Contrary to Naomi's claim, the Family Court concluded only that the parties' post-separation contributions did not constitute a VARC, citing to *Jackson v. Jackson*, 84 Hawaiʻi 319, 335 (App. 1997). As to the other factors, the Family Court did not determine that they were not VARCs, but, rather, that they were not VARCs "warranting deviation from the partnership model." Naomi makes no argument that *Jackson* is not dispositive on the issue of post-separation contributions, and furthermore fails to explain, with regard to the other factors, why the specific, relevant facts

---

model division and whether it would be just and equitable for the surviving spouse to benefit from the death where such a holding could, for example, adversely and inequitably affect the rights of the decedent's heirs. Although alluding to a stroke and "bleeding in the brain," Naomi does not establish on appeal that the Family Court erred in concluding to the contrary.

of the case warrant deviation from the partnership model. As to those latter factors, Naomi makes no cogent argument as to why it was an abuse of the Family Court's discretion not to deviate from the partnership model in light of the other facts and circumstances in the case.

5) Naomi contends that the Family Court erred in granting Harold summary judgment, which approved Harold's transfer of the Ala Moana St. Property to Leila, based on "the factual dispute as to whether Naomi's consent to the transfer of the [Ala Moana St. Property] to Leila was unconditional." The record indicates that the Family Court granted summary judgment on the grounds that the Ala Moana St. Property was Harold's separate marital property acquired by inheritance and that in 1992 Naomi released any interest she had in the property. Naomi fails to explain how her contention presents a genuine issue of material fact. Thus, Naomi has not shown that the Family Court erred in granting summary judgment to Harold. *See* Haw. Fam. Ct. R. 56(c); *see also Kakinami*, 127 Hawai'i at 130 n.4, 276 P.3d at 699 n.4 (marital separate property includes property acquired through gifts and inheritance during the marriage that is expressly classified as separate property and maintained and funded through non-partnership assets; marital separate property is not subject to division).

Therefore, the November 18, 2009 Order Granting Harold Hayashida's Motion for Summary Judgment Re: Transfer of His Inheritance to the Parties' Daughter Was a Valid Conveyance; the January 6, 2010 Findings of Fact, Conclusions of Law, and Order; and the April 1, 2010 Supplemental Findings of Fact, Conclusions of Law and Order are affirmed.

DATED: Honolulu, Hawai'i, June 19, 2013.

On the briefs:

William C. Darrah and
Elizabeth C. Melehan
for Defendant-Appellant.

Joy Mademba-Sy Yanagida and
Jean-Claude Mademba-Sy
(Yanagida & Associates)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge